LANDRIEU, J.,
dissents with reasons.
hi respectfully dissent. The Majority correctly concludes that service on Mr. Burns was timely and proper. It then concludes, however, that Mr. Burns was denied due process because he was afforded insufficient time to' present his evidence.
The record supports a finding that Mr. Burns was well aware that his candidacy might be challenged on the basis of his failure to file his tax returns. Anticipating such a challenge, he testified that he recently instructed his “tax preparer” to file his returns for the years 2010, 2011, 2012 and 2013 and believed they were filed shortly before qualifying. The record is also replete with evidence of multiple attempts to notify Mr. Burns of the scheduled hearing and the nature of the challenge against him. In fact, Mr. Burns testified that he neither looked at his email nor checked his voice mail over the course of the four days between the challenge being filed and the hearing.
It is quite reasonable, under these facts, for the trial court to find incredible Mr. Burns’ contention that he needed more time than was afforded him to present competent evidence sufficient to rebut the plaintiffs prima facie case. The trial court was within its discretion to deny Mr. Burns’ request for more time. This decision by the' trial court did violate his right to due process.